Al J. Motter, Jr. Executive Secretary Colorado Racing Commission 220 State Office Building 201 East Colfax Denver, Colorado 80203
Dear Mr. Motter:
QUESTION PRESENTED AND CONCLUSION
Is a supplemental appropriation to a state agency for payment to the Public Employees' Retirement Association proper where the PERA Retirement Board determines, contrary to the opinion of the agency, that certain employees are entitled to PERA coverage, where the agency does not challenge the determination of the PERA Retirement Board?
My conclusion is "yes."
ANALYSIS
You have requested that this office issue an opinion concerning the necessity for payment of $109,225.19 by the Colorado Racing Commission to the Public Employees' Retirement Association. This payment is to be used for the purpose of complying with the requirements of C.R.S. 1973, 24-51-101(5). This statute states, in part:
 In all cases of doubt, the retirement board shall determine whether any person is a public employee, within the terms of this article, and its decision shall be final and only subject to review by proper court action. On and after July 1, 1974, in the event of the failure by the head of the department to properly enroll an employee pursuant to the requirements of this part 1, said employee shall be enrolled by the retirement board pursuant to his application therefor. All payments required pursuant to sections 24-41-104 and 24-51-105, retroactive to the beginning date of employment or July 1, 1974, whichever date is later, shall be made by the applicable employing agency from state funds with interest on all such payment at the rate of eight percent, compounded semiannually.
The facts out of which this matter arose extend over a period of several years, from approximately 1974 through 1977. A former Colorado Racing Commission executive secretary refused the requests of a number of the commission's part-time employees that they be enrolled in PERA. The commission's secretary informed them that they were classified as independent contractors and, therefore, not entitled to PERA coverage. The PERA Retirement Board made a determination on February 28, 1979, as required by C.R.S. 1973, 24-51-101(5), that certain commission employees were improperly denied PERA coverage and that $109,225.19 is owed to PERA by the Commission as of June 1, 1979 to cover these employees.
SUMMARY
This office has reviewed the PERA statute and determined that the PERA Board has the authority to initially determine questions of public employee coverage under the PERA Act. Unless the Racing Commission successfully contests this determination, the PERA decision becomes final. If an appeal of this initial determination is desired, it must be filed by March 30, 1979. If an appeal is not taken, the Colorado Racing Commission must make all payments required pursuant to sections 24-51-104 and 24-51-105, retroactive to July 1, 1974 or the beginning date of employment of the employee for whom payment is being made, whichever date is later. Such payments must be made from state funds provided through supplemental appropriation, and will include interest on all payments at a rate of 8 percent, compounded semiannually.
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYEES, PUBLIC RETIREMENT SYSTEMS APPROPRIATIONS
C.R.S. 1973, 24-51-101(5)
REGULATORY AGENCIES, DEPT. Racing Events, Div. of
Where the PERA Retirement Board determines that an employee is eligible for PERA coverage, such determination is final unless contested by the employing agency.